STATE *EX REL.* CUNNINGHAM v. WILLIAMS.

MANDAMUS—CIRCUIT JUDGE—JURISDICTION.—A Circuit Judge, while in one Circuit, has no jurisdiction to hear a proceeding for mandamus arising wholly in another Circuit.

Before TOWNSEND, J., Greenville, September, 1896. Reversed.

Proceeding by T. B. Cunningham *et al. v.* James T. Williams, for mandamus. Writ ordered to issue. Defendant appeals.

*Messrs. Cothran, Wells, Ansel & Cothran*, and *Jos. A. McCullough*, for appellant, cite: *On the point decided:* 6 S. C., 476; Code, 402, 404; Rev. Stat., 2247; 3 Wis., 795; 60 Pa. St., 212; 34 S. C., 194; 3 S. C., 53; 48 S. C., 211; 102 U. S., 672; 16 S. C., 52; 2 N. Y., 620; 45 Hem., 19; 107 U. S., 221; 63 Ga., 638; 10 Q. B. D., 504; 3 S. C., 338; 36 S. C., 559.

*Messrs. Haynesworth & Parker* and *Shuman & Dean*, contra. The former cite: *On point decided:* Gen. Stat., 2247; Code, 402; 102 U. S., 672; 34 S. C., 184; Code, 401; 17 S. C., 563; Gen. Stat., ch. 102; 10 S. C., 40; Code, 452; 6 S. C., 472; 36 S. C., 599; 32 S. C., 102.

April 23, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. The petition of T. B. Cunningham, John H. Roe, W. W. Benson, R. W. Anderson, H. Y. Batson, and E. M. Freeman alleged: That the Carolina, Knoxville and Western Railroad Company was duly chartered under the laws of the State of South Carolina, and thereby authorized to construct a railroad from the town of Hamburg, in said State, to the city of Knoxville, in the State of Tennessee, and to condemn land for rights of way for said purpose, and to receive public aid thereto in the form of bonds and money; that much work was done in grading

said proposed line of road, and that such company completely constructed and equipped with rolling stock a portion of said road leading from the city of Greenville, in the State of South Carolina, by the towns of Travellers' Rest and Athens, and to a point near to the town of Marietta, in said last named State, a distance of about twelve miles; that the completed portion of the railroad was equipped with rolling stock, and it was operated regularly, the same doing a general business of transporting passengers and freight for hire, and having established depots; that in the year 1892 a suit was commenced in the Circuit Court of the United States for the district of South Carolina by certain parties against said Carolina, Knoxville and Western Railroad Company, to foreclose a mortgage upon its property, &c., in which suit H. C. Beattie, Esq., was appointed receiver, and that, as said receiver, he operated the portion of the road from Greenville to Marietta, a distance of fifteen miles—he having completed the same to said Marietta under authority of the Court—until August, 1896, at which time the property was sold under the decree of said United States Court, and at which sale James T. Williams purchased the said property at the price of $15,000, and received a deed for said property in August, 1896; but that, immediately upon his said purchase, he ceased to operate said railroad, and will not say whether he intends at any time to resume the running of trains thereon. The petitioners aver that they have heard that the said Williams has on foot a scheme by which the rails and spikes will be taken up and, in connection with the rolling stock and other property of said railroad, will be sold to some other parties, and the said railroad abandoned—all of which, the petitioners claim, will be in violation of the rights of the public to have the said railroad operated, and that such course would be ruinous to the business of relators and of others, would depreciate the value of property, and in many other respects would be disastrous to the communities interested as aforesaid. Wherefore, they prayed for a writ of

27—52

mandamus to go to said Williams, as owner of said railroad
and all the property and franchises thereof, commanding
him to proceed forthwith to operate said railroad as a com-
mon carrier of passengers and freight, and that he continue
so to do; and further commanding him not to abandon said
railroad or to remove the rails or other fixtures connected
therewith. This petition was presented to the late Judge
Earle, as Judge of the Eighth Circuit, on the 4th day of
September, 1896; and on that day the said Judge issued an
order requiring the said James T. Williams, as owner, &c.,
to show cause before his Honor, Judge Townsend, at Union,
S. C., on September 11th, 1896, why the mandamus as
prayed for in the petition be not granted. On that day,
before Judge Townsend, the said James T. Williams ob-
jected to such hearing, on the ground that Judge Town-
send had no jurisdiction to hear and determine the same:
*First.* Because the cause was triable in the county of Green-
ville, and in the Eighth Circuit; that the Constitution of
the State confines Circuit Judges to the Circuits for which
they are elected, unless otherwise provided for by law, and
that there is no such provision of law. *Second.* Because,
being a special proceeding for mandamus, the provisions of
the Code (section 402, now section 404,) cannot confer ju-
risdiction, as section 452 provides that such sections of the
Code shall not apply to mandamus. *Third.* Because sec-
tion 2247 of Revised Statutes does not confer jurisdiction
upon Judge Townsend at Union, S. C., as he is, as Judge of
Seventh Circuit, confined to the exercise of judicial power,
such as is invested in the Court of Common Pleas for that
Circuit, and does not embrace the Eighth Circuit. *Fourth.*
Because section 2248 of Revised Statutes does not confer
jurisdiction, for the reason that Judge Townsend was not
then holding Court in Eighth Circuit. *Fifth.* Because,
even if section 404 of the Code was not affected by section
452 thereof, it would not afford jurisdiction, as it is a judg-
ment, and not an order, petitioners seek. *Sixth.* Because,
even if section 404 of the Code were not affected byse ction

452, it would not confer jurisdiction, for the reason that the rule to show cause is not made returnable before Judge Earle, who was authorized to issue it, and for the further reason that Judge Earle has not transferred the rule to some other Judge, he being at the time fixed for the motion absent or unable to hear it.

Judge Townsend overruled the question of jurisdiction, announcing his conclusion thereon verbally from the bench, and declined to reduce his views to writing at that time, stating that he would embody the same in his judgment on the merits. Whereupon the respondent, James T. Williams, gave notice that he would appeal from such decision as to jurisdiction, and claimed that such notice of appeal ousted Judge Townsend of the power to proceed with the further hearing of the other issues raised in the proceeding. This view as to his power to proceed was also overruled, and the hearing on the merits was concluded by the rendition of a judgment. The respondent now appeals. So far as the questions raised by such appeal relate to the jurisdiction of Judge Townsend to hear and determine the special proceeding, they need not be repeated here, having already been stated in this opinion.

Unquestionably, the late Judge Earle had the right to hear and determine the petition for mandamus. The respondent, James T. Williams, does not question the exercise of such power by Judge Earle, but he vigorously denies that Judge Townsend, as the Judge of the Seventh Circuit, who was not at that time engaged in presiding over the Courts of the Eighth Circuit, but was at his home in Union, in the Seventh Circuit, at the time when the hearing was had, had jurisdiction over the same. After much reflection, we have concluded that Judge Townsend did not have jurisdiction to hear this petition, for the following reasons: The only power conferred upon a Circuit Judge of one Circuit, while not holding the Courts of another Circuit than his own, to hear motions, or special proceedings, or actions, arising in such Circuit other than his own, is under sections

402 and 404 of the Code of Procedure of this State. But section 452 of the Code of Procedure expressly denies that the second part of said Code of Procedure, in which second part the said sections 402 and 404 are included, shall affect proceedings by mandamus or prohibition. Judge Townsend was Judge of the Seventh Circuit; Greenville County was embraced in the limits of the Eighth Circuit; and Judge Townsend was not, at the time of the hearing of this proceeding for mandamus, presiding over the Courts of the Eighth Circuit; hence he had no jurisdiction to hear and determine any proceedings by mandamus, originating in the Eighth Circuit. Having reached the conclusion that Judge Townsend had no jurisdiction to hear this proceeding for mandamus, it is manifest that this Court should not consider any questions relating to the merits, and we decline to do so, nor will it be necessary to consider the effect of the notice of appeal from the oral order of Judge Townsend overruling the question raised by respondent as to his having no jurisdiction to hear these proceedings after such notice of appeal. It follows, therefore, that all action taken by Judge Townsend must be overruled, and the proceeding for mandamus must be ordered back to the Court of Common Pleas for Greenville County, for such further proceedings, under the petition for the writ of mandamus, as the petitioners may ask for there.

It is the judgment of this Court, that all the proceedings before Judge Townsend, and his orders thereon, be set aside and reversed, and that the proceeding for mandamus be remitted to the Circuit Court of Greenville, in this State, for such action as petitioners may deem proper.